In re SOUTHAMPTON DEVELOPMENT CORP., Debtor.

PALMER REALTY GROUP, INC., a Florida corporation, Plaintiff,

v.

TAYLOR WOODROW COMMUNITIES, a Florida General Partnership; Taylor Woodrow Homes of Florida, Inc., a Florida corporation, a General partner; and Monarch Homes of Florida, Inc., a Florida corporation, a General partner, Defendants,

v.

SOUTHAMPTON DEVELOPMENT CORP., a Florida corporation, Third–Party Defendant.

Bankruptcy No. 94–6641–9P1.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Nov. 7, 1995.

Stephen H. Kurvin, Sarasota, FL, for Plaintiff.

Mark J. Wolfson, Tampa, FL, for Defendants.

Louis X. Amato, Naples, FL, for Third-Party Defendant.

## ORDER ON MOTION FOR REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion for Remand filed by Palmer Realty Group, Inc. (Palmer). The Motion is directed to a civil suit filed by Palmer in the Circuit Court for Pinellas County, Florida against Taylor Woodrow Communities, a Florida General Partnership (Taylor). Palmer in its suit claims damages it allegedly suffered as the result of a tortious interference with a pre-petition contract it claimed it had with Southampton Development Corporation (Debtor) involving the sale of the major if not one and only asset of the Debtor. According to Palmer it had the right to market the Debtor's real estate holdings and earn brokerage commission when the property was sold and when the property was sold to Taylor it was deprived of its right to earn commission due to the tortious conduct of Taylor. In the state court action Palmer sought money damages and a money judgment based on the theory of unjust enrichment. Taylor filed its answer in due course to the complaint, but also filed a third-party complaint against the Debtor based on the theory that if it is held liable to Palmer in the prime suit filed against it by Palmer it has a right to be indemnified by the Debtor in the amount of the recovery, if occurs by Palmer against it.

In order to place the Motion for Remand under consideration in proper context, a brief recap of the events which occurred in connection with the sale of the Debtor's property would be helpful.

The Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on July 8, 1994. At the time of the commencement of the case, the Debtor was the owner of a large tract of land to be developed which was basically its only asset. On September 7, 1994, the Debtor filed its Disclosure Statement and Plan of Reorganization. On August 2, 1994, the Debtor filed a Motion to Sell Property Free and Clear of Liens and to Approve a Contract for Sale outside of the ordinary course of business. The sale involved 314.5 acres of property, the one and only real estate holding of the Debtor. After a properly noticed hearing to all parties of interest, on September 21, 1994 this Court approved the sale of the property to Taylor. After the Disclosure Statement was amended several times, on January 20, 1995 this Court entered an Order confirming the amended Plan of Reorganization filed by the Debtor. This Plan of Reorganization provided for utilization of the proceeds already obtained from the sale to pay all allowed claims pursuant to the terms set forth in the confirmed Plan of Reorganization. On

May 8, 1995, the Debtor filed its Final Report and accounting stating that the Plan had been fully consummated, that with the exception of certain housekeeping items the final decree should be entered closing the case.

The adversary proceeding under consideration which was removed from the state court was filed in the state court in June of 1995 and the summons were issued June 15, 1995 or after the Debtor filed on May 8, 1995; thus it is evident that the administration of the estate of this Debtor has been completed and the plan has been fully consummated.

■ This is the procedural background against which this Court is called upon to consider the Motion to remand the complaint filed by Palmer against Taylor in the state court which was removed by Taylor to this Court. It is obvious and is without dispute that the suit filed in the state court and removed to this Court is an action by a non-debtor against a non-debtor. While it is true that Taylor filed a third-party complaint against the Debtor, the chose of action which is the basis of the prime complaint is based on pure state law and has nothing to do with the Bankruptcy Code; thus it is clear that the controversy presented by a non-debtor, Palmer, against a non-debtor, Taylor, is not a "core" proceeding and is equally not a civil proceeding "arising in or arising under" a case under Title 11. It is contended by Taylor, without conceding that the controversy is not a core proceeding, that it at least relates to a case under Title 11, that is the chapter 11 case of the Debtor. The issue of whether or not a suit filed by a non-debtor against a non-debtor may be entertained by the Bankruptcy Court has been litigated repeatedly. The vast majority of the courts who have considered the issue of jurisdiction concluded that unless the controversy is related and incident to the administration of the estate or involves or might impact, albeit indirectly, properties of the estate, the Bankruptcy Court has no jurisdiction and if the matter is removed, the same should be remanded to the court where the suit was originally filed. *In re Pettibone Corporation,* 135 B.R. 847 (Bkrtcy.N.D.Ill.1992). A civil proceeding in order to be related to a bankruptcy case thus within the jurisdiction of the Bankruptcy Court must affect the amount of property available for distribution or allocation of property among creditors. Remand is proper when the resolution of a removed claim has no bearing on the property of the Debtor's estate and although the claim does not need to be directly against the Debtor in order to be related to the bankruptcy case the removal still must be supported by articulation of a plausible way the claim can have an impact on the estate as distinguished from a possible impact only on the debtor. *In re Emerald Acquisition Corp.,* 170 B.R. 632 (Bkrtcy.N.D.Ill.1994).

■ The same Court in the matter of *In re Spaulding & Co.,* 131 B.R. 84 (N.D.Ill. 1990), involving the identical issue involved here, held that the bankruptcy court's arising under jurisdiction includes only those proceedings that involve causes of action created or determined by the Bankruptcy Code. In order to accept jurisdiction on the basis that the controversy is related, it must appear on the face of the complaint that it has an affect on the estate of the Debtor and the Court in *Spaulding* concluded that if the only possible affect on the estate would be as a third-party claim it is insufficient to establish jurisdiction based on the nexus with the bankruptcy case. It is recognized that the jurisdiction based on the fact that the controversy is related must be viewed narrowly and disputes between third parties which do not implicate the Debtor's property is not related to a case under Title 11 and the Bankruptcy Court has no jurisdiction over such controversies. *In re Edwards, III, C.P.,* 100 B.R. 973 (E.D.Tenn.1989).

■ Applying the foregoing to the facts which are without dispute in this case it is evident: that the claim asserted by Palmer against Taylor is not a claim arising in, arising under nor related to a case under Title 11; is based on pure state law; and in light of the status of this Chapter 11 case, is clearly not within the jurisdiction of this Court and the Motion for Remand is well taken for the following reasons:

The administration of the Debtor's Chapter 11 case is concluded, the Plan has been

confirmed, the Plan has been fully consummated and with the exception of some housekeeping matters such as entering orders on matters which already have been resolved, nothing remains to be done except to enter the final decree closing the estate. In light of the foregoing, it is evident that the litigation removed from the state court to this Court cannot possibly have any impact on the administration since there is no longer any administration remaining and does not involve properties of the estate even if ultimately Taylor obtains a judgment based on indemnification that would have no impact on the Chapter 11 case proper since the Plan is now fully consummated.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Remand be, and the same is hereby, granted and the above-captioned adversary proceeding be, and the same is hereby, remanded to the Circuit Court of Sarasota County, Florida.

DONE AND ORDERED.